IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATELYN HANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| EMD INVESTMENT, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, her Complaint against Defendant, EMD INVESTMENT, LP, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's EMD INVESTMENT, LP, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, KATELYN HANKS (hereinafter "Plaintiff"), is and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to Dong Bo Sung and the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, EMD INVESTMENT, LP (hereinafter "EMD INVESTMENT, LP"), is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.

8. Defendant, EMD INVESTMENT, LP, may be properly served with process via its registered agent for service, to wit: Eun Ja Park, Registered Agent, 717 Allen Road, Coppell, TX  75019.

## FACTUAL ALLEGATIONS

9. On or about February 14, 2019, Plaintiff was a customer at "Dong Bo Sung," a business located at 11445 Emerald Street, Dallas, TX  75229, referenced herein as the "Dong Bo Sung."

10. EMD INVESTMENT, LP is the owner or co-owner of the real property and improvements that is the subject of this action, referenced herein as the "Property."

11. Plaintiff lives only 19 miles from the Property.

12. Plaintiff's access to the business(es) located at 11445 Emerald Street, Dallas, TX 75229, Dallas County Property Appraiser's parcel identification number 00000603892000000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and he will be denied and/or limited in the future unless and until Defendant, EMD INVESTMENT, LP, is compelled to remove the physical barriers to access and correct the ADA violations that exist at Dong Bo Sung and the Property, including those set forth in this Complaint.

13. Plaintiff has visited Dong Bo Sung and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Dong Bo Sung and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed Dong Bo Sung and the Property are accessible again. The purpose of the revisit is to be a regular customer, to determine if and when Dong Bo Sung and the Property are made accessible and to maintain sanding for this lawsuit for Advocacy Purposes.

14. Plaintiff intends on revisiting Dong Bo Sung and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

15. Plaintiff travelled to Dong Bo Sung and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access Dong Bo Sung and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal

injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Dong Bo Sung and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of

            discrimination against individuals with disabilities;

(ii)      provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

            * * * * *

(iv)      invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19.      The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20.      The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21.      Dong Bo Sung is a public accommodation and service establishment.

22.      The Property is a public accommodation and service establishment.

23.      Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24.      Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25.      DONG BO SUNG must be, but is not, in compliance with the ADA and ADAAG

26.      The Property must be, but is not, in compliance with the ADA and ADAAG.

27.      Plaintiff has attempted to, and has to the extent possible, accessed Dong Bo Sung

and the Property in her capacity as a customer at Dong Bo Sung and the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Dong Bo Sung and the Property that preclude and/or limit her access to Dong Bo Sung and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit Dong Bo Sung and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Dong Bo Sung and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Dong Bo Sung and the Property that preclude and/or limit her access to Dong Bo Sung and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendant, EMD INVESTMENT, LP, has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Dong Bo Sung and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant, EMD INVESTMENT, LP, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, EMD INVESTMENT, LP, is

compelled to remove all physical barriers that exist at Dong Bo Sung and the Property, including those specifically set forth herein, and make Dong Bo Sung and the Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Dong Bo Sung and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Dong Bo Sung and the Property include, but are not limited to:

    **(a)**    **ACCESSIBLE ELEMENTS:**

(i) Near Unit 103, there are two accessible parking spaces that do not have properly marked access aisles in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(ii) Near Unit 103, there is an accessible parking space that is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iii) Near Unit 103, due to the placement of the ramp in front of the accessible parking space and the fact that when a vehicle parks at this space it will block the accessible route to the accessible ramp, this accessible parking space is not located on an accessible route in violation of section 208.3.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(iv) Near Unit 103, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a surface slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(v) Near Unit 120B, the accessible parking space is missing a proper identification sign, due to fading as a result of a failure by the Property owner of implementing an adequate policy of maintenance and upkeep, in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(vi) Near Unit 120B, the accessible parking space that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(vii) Near Unit 120B, due to the placement of the ramp in front of the accessible parking space and the fact that when a vehicle parks at this space it will block the accessible route to the accessible ramp, this accessible parking space is not located on an accessible route in violation of section 208.3.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(viii) Near Unit 120B, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(ix)   The Property lacks an accessible route from the sidewalk to the accessible entrances in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(x)    Inside Unit 115 (Dong Bo Sung), the to-go/take-out counter lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the to-go/take-out counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(xi)   Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**DONG BO SUNG RESTROOMS**

(i)    The door hardware of the bathroom entrance has operable parts which require tight grasping, pinching or twisting of the wrist in violation of Section 309.4 of the 2010 ADAAG standards.  The locking mechanism of the door hardware requires twisting of the wrist to operate. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(ii)   The restroom door lacks a proper minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent sink when exiting the restroom, in violation of Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

9

(iii) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv) The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi) The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is too short. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii) The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5.2 of the 2010 ADAAG standards as the rear bar does not properly extend at least 24 inches from the centerline of the toilet. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii) The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it

difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

32. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Dong Bo Sung and the Property.

33. Plaintiff requires an inspection of Dong Bo Sung and the Property in order to determine all of the discriminatory conditions present at Dong Bo Sung and the Property in violation of the ADA.

34. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to bring Dong Bo Sung and the Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Dong Bo Sung and the Property are readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Dong Bo Sung and the Property is readily achievable because Defendant, EMD INVESTMENT, LP, has the financial resources to make the necessary modifications.

38. Upon information and good faith belief, Dong Bo Sung and the Property have been altered since 2010.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG

standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, EMD INVESTMENT, LP, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Dong Bo Sung and the Property, including those alleged herein.

41.     Plaintiff's requested relief serves the public interest.

42.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, EMD INVESTMENT, LP.

43.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, EMD INVESTMENT, LP, pursuant to 42 U.S.C. §§ 12188 and 12205.

44.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, EMD INVESTMENT, LP, to modify Dong Bo Sung and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, EMD INVESTMENT, LP, in violation of the ADA and ADAAG;

(b)     That the Court issue an Order requiring Defendant, EMD INVESTMENT, LP, to (i) remove the physical barriers to access and (ii) alter Dong Bo Sung and the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(c) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(d) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 26, 2019.

Respectfully submitted,

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
KATELYN HANKS